IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03064-GPG

PHILLIP MANDRELL,

    Applicant,

v.

RICK RAEMISCH, Executive Director Colo. Dep't of Corrections,
LAS ANIMAS COUNTY COMBINED COURTS, and
JAMES FAULK, Warden, Sterling Correctional Facility,

    Respondents.

## SECOND ORDER TO FILE PRELIMINARY RESPONSE

    Applicant, Phillip S. Mandrell, is in the custody of the Colorado Department of Corrections at the correctional facility in Sterling, Colorado. Mr. Mandrell has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee.

    On December 22, 2014, the Court entered an Order to File Preliminary Response directed to the Respondent Warden. The Order instructed Respondent to file a Preliminary Response, **within 21days**, limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Respondent was further instructed to attach as exhibits to the preliminary response, all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Respondent Warden has not filed a Preliminary Response to date. Respondent will be afforded a final opportunity to file his preliminary response in compliance with the December 22 Order. Accordingly, it is

ORDERED that **within 14 days from the date of this Order** Respondent Warden shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within 21 days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. In the Reply, Application may provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court. It is

FURTHER ORDERED that if Respondent Warden does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

Dated January 23, 2015, at Denver, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge