IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03064-GPG

PHILLIP MANDRELL,

    Applicant,

v.

RICK RAEMISCH, Executive Director Colo. Dep't of Corrections,
LAS ANIMAS COUNTY COMBINED COURTS, and
JAMES FALK, Warden, Sterling Correctional Facility,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Phillip Mandrell, is in the custody of the Colorado Department of Corrections (CDOC) at the correctional facility in Sterling, Colorado. Mr. Mandrell has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). He has paid the $5.00 filing fee.

On December 22, 2014, Magistrate Judge Gordon P. Gallagher entered an order directing the Respondent Warden[1] to file a Preliminary Response addressing the affirmative defenses of failure to exhaust state court and administrative remedies, and the timeliness of the Application. (ECF No. 12). Following a Second Order to File Preliminary Response (ECF No. 16), Respondent Warden filed a Preliminary Response

---

[1] The other Respondents named in the caption, Rick Raemisch and the Las Animas County Combined Courts, are not appropriate respondents in a habeas corpus action. Only Warden Falk, Applicant's custodian, is a proper respondent. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *id*. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

on January 26, 2015. (ECF No. 17). Mr. Mandrell filed a Reply on February 3, 2015. (ECF No. 18).

The Court must construe the Application liberally because Mr. Mandrell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the § 2241 Application will be dismissed.

Mr. Mandrell asserts three claims in the § 2241 Application: (1) that his current incarceration pursuant to an illegal three-year mandatory parole term is unconstitutional (ECF No. 1, at 9); (2) that he was resentenced on April 9, 2014 in Las Animas County, Colorado, District Court Case No. 08CR193, but the CDOC has refused to implement the amended mittimus reflecting the six-month sentence reduction and continues to have him "serving the illegal parole sentence." (ECF No. 1, at 7, 10; *see also* ECF No. 17-1, at 5); and, (3) the Las Animas District Court has sentenced him multiple times for the same offense in Case No. 08CR193, in violation of due process and double jeopardy principles. (ECF No. 1, at 12). Applicant also claims that the CDOC has failed to award him good and earned time credits to which he is entitled under Colorado statutes. (*Id.* at 11). For relief, he asks the Court to order the CDOC to deduct six months from the remainder of his sentence in Las Animas County District Court Case No. 08CR193, as ordered in the amended mittimus, award him good and/or earned time credits to which he is entitled, and order his immediate release from prison.

**I. Challenge to Validity of Sentences**

Applicant's challenges to the validity of his state court sentences in claims one and three are not cognizable in this § 2241 proceeding. "Petitions under § 2241 are used to attack the execution of a sentence, see *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997); see also *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (stating that a § 2241 petition attacks the execution of a sentence rather than its validity).

Accordingly, if Mr. Mandrell wishes to pursue claims challenging the validity of his state court sentences, he must do so in a separate proceeding brought pursuant to 28 U.S.C. § 2254, after exhausting his available state court remedies. *See* § 2254(b)(1)(A). Claims one and three will be dismissed without prejudice.

## II. Exhaustion of State Court Remedies

Respondents argue in the Preliminary Response that Mr. Mandrell has failed to exhaust available state court remedies for his claim challenging the CDOC's refusal to execute his sentence in accordance with the amended mittimus issued by the state district court in April 2014, in Las Animas County District Court Case No. 08CR193. (ECF No. 17).

A habeas petitioner under § 2241 is required to exhaust both state court and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The petitioner "must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002); *Picard v. Connor*, 404 U.S. 270, 278 (1971) ("Fair

presentation" requires that the "substance of a federal habeas corpus claim" must have been presented to the state courts.). The exhaustion requirement is satisfied if the petitioner presents his claim through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citations and internal quotation marks omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. 2254(c). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The state court records attached to the Preliminary Response reflect that Mr. Mandrell filed a state post-conviction motion pursuant to Colo. Crim. P. Rule 35(c) in Case No. 08CR193, which was denied by the state district court on December 9, 2014, and Applicant did not file an appeal. (ECF No. 17, at 3; No. 17-1, at 4-5). Applicant also filed Colo. Crim. P. Rule 35 motions in two other pending state criminal cases, which were denied by the state district courts and not appealed by Applicant. (ECF No. 17, at 3; ECF No. 17-2, 17-3). However, these records serve only to demonstrate that Applicant may not have exhausted state court remedies for claims challenging the validity of his state court sentences. As discussed above, those claims are not cognizable in this § 2241 proceeding.

At issue here is whether Applicant exhausted state court remedies for his claim that the CDOC is not executing his sentence correctly. Under Colorado law, Applicant has an available state court remedy in the nature of a mandamus proceeding. *See,*

4

*e.g.*, *Outler v. Norton*, 934 P.2d 922 (Colo. App. 1997) (mandamus action under Colo. R. Civ. P. 106(a)(2), *over-ruled on other grounds by Meredith v. Zavaras*, 954 P.2d 597 (Colo. 1998); *see also People v. Dixon*, 133 P.3d 1176, 1177 (Colo. 2006) (recognizing that Colorado Appellate Rule 21 provides an appropriate procedural mechanism, absent any other adequate remedy, to mandate compliance by the department of corrections with trial court sentencing orders.); *People v. Ostuni*, 58 P.3d 531, 533 (Colo. 2002) (same).

Mr. Mandrell does not allege that he has sought mandamus relief in the Colorado courts. It appears that Mr. Mandrell did file an action against the CDOC in Logan County, Colorado, District Court Case No. 2015CV2, on January 14, 2015. (ECF No. 17-5). However, it is not clear what type of action Applicant initiated, and, in any event, there has been no ruling in that case. Applicant's allegations that he has administrative grievances with the CDOC (*see* ECF No. 1, at 9, 11), do not satisfy the requirement that he exhaust available state court remedies. Further, Mr. Mandrell was advised in the Step 3 grievance response, dated October 30, 2014, that the CDOC grievance procedure may not be used to seek review of "sentence computation" issues. (ECF No. 1, at 30).

The Court finds that Mr. Anderson has failed to exhaust available state court remedies for his claim challenging the CDOC's refusal to implement the amended mittimus issued by the state district court in April 2014. As such, that claim will be dismissed without prejudice so that Mr. Mandrell can fulfill the exhaustion requirement.

### III.  Claim Challenging Withholding of Earned and Good time Credits

Mr. Mandrell also claims that the CDOC is withholding good and earned time

credits to which he is entitled under Colorado law.  The Court need not determine whether Applicant exhausted state court remedies for this claim because it is subject to summary dismissal on the merits.  *See Montez*, 208 F.3d at 866 (where no credible federal constitutional claim is raised in a prisoner's § 2241 petition, the court may follow the policy of  § 2254(b)(2) and dismiss unexhausted claims on the merits).

Mr. Mandrell committed his current offenses in 2008 or later.  (ECF No. 1, at 16; ECF No. 17-1, 17-2, and 17-3).   For inmates who were sentenced for crimes committed on or after July 1, 1985, Colorado law expressly authorizes the CDOC to withhold any good time credits, *see* § 17-22.5-301(3), C.R.S., or earned time deductions, *see* §17.22.5-302(4), C.R.S.  Because the award of good and earned time credits to Applicant is within the discretion of prison officials, he does not have a constitutionally protected liberty interest in the credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006); *Anderson v. Cunningham*, No. 08-1349, 319 F. App'x 706, 710 (10th Cir. March 30, 2009) (unpublished).  Absent a liberty interest protected by the Fourteenth Amendment Due Process Clause, Mr. Mandrell cannot establish a violation of the United States Constitution that would entitled him to federal habeas corpus relief.  *See* 28 U.S.C. § 2241(c)(3) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless– . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

Further, in Colorado, good and earned time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387-88 and n.5 (Colo.1990) (collecting cases).  *Cf. Thiret v. Kautzky*, 792 P.2d 801,

805-07 (Colo.1990) (recognizing an exception for inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, who are normally entitled to mandatory, not discretionary, parole (except for sex offenders))). Therefore, even if Mr. Mandrell was awarded all of the earned time credits to which he claims an entitlement, he would not be assured immediate or speedier release. *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 836-37 (10th Cir. Sept. 27, 2012) (unpublished) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, No. 09-1429, 385 F. Appx. 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.").

Accordingly, Applicant is not entitled to habeas corpus relief based on a claim that the CDOC is withholding good and earned time credits.

## IV. Orders

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Phillip Mandrell, on November 13, 2014, is DENIED. The claims challenging the CDOC's failure to implement the amended mittimus issued on April 9, 2014, in Las Animas County District Court Case No. 08CR193, and any claims challenging the legality of Applicant's state court sentences, are DISMISSED WITHOUT PREJUDICE. Applicant's claim challenging the withholding

of earned and good time credits is DISMISSED WITH PREJUDICE.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Mandrell has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Mandrell files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 13, 2015. at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court